**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-20141
10-2165 |
| FREDDY L. WILLIAMS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Defendant Freddy L. Williams pled guilty to one count of being a felon in possession of ammunition, and he was sentenced to 46 months' imprisonment. He did not file a direct appeal, but has now filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 28). For the reasons discussed below, that motion is denied.

**1.    Background**

According to facts the Government recited at the plea colloquy, Mr. Williams and an acquaintance, Samuel Henderson, entered a pawn shop that was staffed by undercover ATF agents and was under video surveillance. Mr. Henderson asked one of the agents if he was interested in purchasing ammunition, and Mr. Henderson instructed Mr. Williams to show the ammunition to the agent. Mr. Williams handed Mr. Henderson a box of ammunition and confirmed to the agent that it was full. The parties settled on $20 for the box of ammunition, and the agent gave the money to a female who had joined Mr. Williams and Mr. Henderson.

Based on this incident and a prior felony conviction for kidnaping and attempted rape, Mr. Williams was charged with being a felon in possession of ammunition. He pled guilty without the benefit of a written agreement, and was sentenced to 46 months' imprisonment. He has now filed a § 2255 motion to vacate that sentence.

**2.    Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**3.    Discussion**

Mr. Williams raises several alleged instances of ineffective assistance of counsel. To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing

3

*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Williams asserts that his attorney was ineffective for: (1) failing to file a motion to suppress evidence; (2) failing to contact a witness and get a signed affidavit from her to counter the Government's version of the facts; (3) failing to object to incorrect information in the Presentence Investigation Report (PSIR); and (4) failing to file an appeal on his behalf.

A.  Motion to Suppress

Mr. Williams suggests that his attorney should have filed a motion to suppress the Government's evidence—a videotape, a statement, and some fingerprints. But Mr. Williams identifies no grounds on which such a motion could be made. His conclusory statements that his attorney should have filed a motion to suppress are insufficient for this court to find that his attorney acted improperly and that such action affected the case's outcome. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994).

B.  Contact Witness

Mr. Williams also argues that his attorney was ineffective for failing to contact a witness who could have testified on behalf of Mr. Williams. Specifically, Mr.

4

Williams identifies Tasha Casey as the female present with him and Mr. Henderson at the pawn shop on the date of the ammunition sale. Mr. Williams attached to his memo letters from Ms. Casey, in which she asserts that she tried to contact Mr. Williams's attorney to testify on his behalf, but that his attorney never contacted her.

The general tone of Ms. Casey's letters is that the entire transaction was Mr. Henderson's idea and that Mr. Williams should not be serving jail time while Mr. Henderson is not because Mr. Henderson was "the big player in the game." Even if Ms. Casey would testify accordingly, however, that testimony would not change Mr. Williams's possession of the ammunition. Even in Mr. Williams's memo he admits that "all he did was hand a box" to someone else. Regardless, then, of Ms. Casey's possible testimony that the transaction was Mr. Henderson's idea, it seems that the Government would still have sufficient evidence to support a conviction, especially given the existence of a videotape of the transaction.

As such, even if Mr. Williams's attorney should have contacted Ms. Casey about her statement, a questionable proposition in and of itself given the videotape, his failure to do so did not cause Mr. Williams any prejudice.

C. Object to PSIR

Mr. Williams maintains that his attorney was ineffective for failing to object to "incorrect and erroneous information" in the PSIR about a prior DUI conviction. Contrary to Mr. Williams's argument, however, his attorney did file a sentencing

5

memorandum (doc. 25) challenging the PSIR's information about the DUI. The court addressed this issue, received evidence from the Government about the DUI offense, and overruled the objection.

D.   File an Appeal

Mr. Williams argues that his attorney failed to file an appeal, and he attaches to his memo a letter that he allegedly wrote his attorney on March 24, 2009, specifically asking him to file an appeal. The Government claims that this argument is meritless because Mr. Williams failed to identify an issue that would warrant appellate relief. But an attorney who disregards a specific instruction to appeal is per se ineffective, without consideration of the merits of any possible appealable issue. *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir. 2003).

At this court's request, the Government filed a supplemental response to this claim (doc. 35), to which it attached an affidavit from Mr. Williams's attorney, averring that Mr. Williams "never asked me to appeal, in writing or otherwise."

Given the conflict between Mr. Williams's verified[1] § 2255 motion and the sworn statement from his attorney, the court held an evidentiary hearing for the limited purpose of resolving this factual dispute on September 1, 2010. At that hearing, the Government

---

[1] The court notes that Mr. Williams's § 2255 motion is verified in compliance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings and also with 28 U.S.C. § 1746(2). *See, e.g.*, *United States v. Guerrero*, 488 F.3d 1313, 1315-16 (10th Cir. 2007) (noting the importance of allegations in a verified petition, as opposed to an unverified supplemental memorandum).

challenged the authenticity of the letter dated March 24, 2009, in which Mr. Williams asked his attorney to appeal. Mr. William insisted that he wrote a letter with a specific request to appeal and mailed it to his attorney. His attorney testified that he never received such letter or any other request to appeal.

The court concludes that regardless of whether Mr. Williams actually wrote and mailed the letter, the testimony of Mr. Williams's attorney that he never received such letter is credible. Given this credibility finding, the court concludes that Mr. Williams's attorney never received from Mr. Williams a directive to appeal. As such, his failure to file an appeal is not ineffective assistance of counsel.

E.  New Arguments in Reply Brief

Mr. Williams's § 2255 petition itself is fairly concise, merely listing the things his attorney allegedly failed to do. His reply memorandum is much more detailed—fourteen handwritten pages of explanation. However, in accepting a reply, this Court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991).

Mr. Williams raised the following additional matters in his reply brief: his attorney's alleged lack of trial preparation; his attorney's decision not to hire experts; his attorney's failure to challenge the Government's evidence about ownership of the bullets; his attorney's failure to object to the criminal history calculation; and his attorney's failure to accurately advise him about his possible sentence. Because these arguments were first addressed in the reply brief, they are waived and not properly

7

before this court. *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009).

F.   Procedural Default

Mr. Williams asserts in his reply brief that the term of imprisonment he received is prejudicial given the nature of the offense. This argument, in addition to being a new issue raised in the reply brief, is also one that could have been raised on direct appeal.

"Generally, a habeas petition cannot be used to substitute for direct appeal." *Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004). Thus, § 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." *Warner*, 23 F.3d at 291(citations omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

Thus, Mr. Williams is barred from challenging his sentence in his habeas petition.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 28) is **denied**.

**IT IS SO ORDERED** this 8th day of September, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge