# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                          Case No. 08-20141-JWL
                                                14-2128-JWL

**Freddy L. Williams,**

    **Defendant.**

## MEMORANDUM & ORDER

In December 2008, defendant Freddy L. Williams pled guilty to one count of being a felon in possession of ammunition. The court sentenced Mr. Williams to 46 months' imprisonment. In March 2010, Mr. Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and the court denied that motion. Mr. Williams served his term of imprisonment and was released on supervision in February 2012. In May 2012, the court revoked Mr. Williams' supervised release based on violations of the terms of his supervised release and sentenced Mr. Williams to 12 months' imprisonment. Mr. Williams served that term of imprisonment and was again released on supervision in April 2013. In September 2013, the probation office notified the court that Mr. Williams was in custody in Wyandotte County, Kansas in connection with a new criminal offense. In February 2014, the court, after finding that Mr. Williams had violated numerous terms of his supervised released, revoked Mr. Williams' supervised release and sentenced Mr. Williams to 24 months' imprisonment to run consecutive to the sentence imposed in the state court case.

Mr. Williams filed a direct appeal challenging the court's revocation of his supervised release and that appeal is presently pending before the Tenth Circuit. Mr. Williams has also filed a flurry of motions in this court, including a motion to vacate under 28 U.S.C. § 2255; a motion for "time in custody"; a motion for sentence modification due to judicial vindictiveness; a motion to dismiss based on prosecutorial vindictiveness; a motion for transcripts; a motion for copies; and a motion for subpoenas. Only Mr. Williams' motions for transcripts, copies and subpoenas are ripe at this time and the court will resolve the remaining motions by separate order at a later date.

While Mr. Williams fails to identify any specific transcript in his motion for transcripts, the motion is denied as moot because the only transcript that is arguably relevant at this stage of the proceedings is the transcript of his revocation hearing and that transcript has already been ordered by counsel who represented Mr. Williams at the revocation hearing. Because that transcript was obtained on behalf of Mr. Williams, he may obtain a copy from counsel. In his motion for copies, Mr. Williams requests copies of various motions that he has filed as well as a copy of the docket sheet in this case. The government has no objection to this request and the court will order the Clerk of the Court to provide those copies to Mr. Williams. Finally, the court denies Mr. Williams' motion for subpoenas in which he identifies numerous individuals he intends to call as witnesses to testify at an evidentiary hearing in support of his recently filed § 2255 motion. Because the court has not yet determined that an evidentiary hearing is warranted, the motion is premature.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Williams' motion for transcripts (doc. 98) is **denied**; motion requesting copies (doc. 100) is **granted**; and motion for subpoenas (doc. 101) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall, along with this order, provide to Mr. Williams a copy of documents 90, 91, 92, 93, 94 and 95 as well as a copy of the docket sheet in this case.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge