**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

United States of America,

        Plaintiff,

v.                                    Case No. 08-20141-JWL
                                         14-2128-JWL

Freddy L. Williams,

        Defendant.

## MEMORANDUM & ORDER

In December 2008, defendant Freddy L. Williams pled guilty to one count of being a felon in possession of ammunition. The court sentenced Mr. Williams to 46 months' imprisonment. In March 2010, Mr. Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and the court denied that motion. Mr. Williams served his term of imprisonment and was released on supervision in February 2012. In May 2012, the court revoked Mr. Williams' supervised release based on violations of the terms of his supervised release and sentenced Mr. Williams to 12 months' imprisonment. Mr. Williams served that term of imprisonment and was again released on supervision in April 2013. In September 2013, the probation office notified the court that Mr. Williams was in custody in Wyandotte County, Kansas in connection with a new criminal offense. In February 2014, the court, after finding that Mr. Williams had violated numerous terms of his supervised released, revoked Mr. Williams' supervised release and sentenced Mr. Williams to 24 months' imprisonment to run consecutive to the sentence imposed in the state court case.

Mr. Williams filed a direct appeal challenging the court's revocation of his supervised release and that appeal is presently pending before the Tenth Circuit. Mr. Williams has also filed several motions in this court, including a motion to vacate under 28 U.S.C. § 2255; a motion for "time in custody"; a motion for sentence modification due to judicial vindictiveness; a motion to dismiss based on prosecutorial vindictiveness; and a motion "for order of abuse of discretion and prosecutorial misconduct." As will be explained, Mr. Williams' motion to vacate is denied without prejudice as premature and the remaining motions are denied.

Mr. Williams has filed a motion to vacate the sentence he received following the revocation of his supervised release. The motion is denied as premature because Mr. Williams has filed a direct appeal which is currently pending before the Tenth Circuit; the orderly administration of justice precludes a district court from considering a § 2255 motion while the direct appeal is still pending; and he has not shown extraordinary circumstances justifying consideration of his § 2255 motion while his direct appeal is pending. *See United States v. Hunter*, 458 Fed. Appx. 732 (10th Cir. Jan. 31, 2012) (district court properly denied § 2255 motion as premature where direct appeal still pending). Moreover, the court declines to issue a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *See id*.

In his "motion for time in custody," Mr. Williams argues that he should receive "credit" towards his federal sentence for the time that he was in custody in Wyandotte County District Court from September 4, 2013 until January 3, 2014, the date on which he entered his plea in

state court.[1]  The motion is denied as Mr. Williams' federal sentence will run consecutively to the state court sentence and Mr. Williams will receive credit toward his state court sentence for the time during which he was in custody prior to entering a plea.  *See Goode v. McCune*, 543 F.2d 751, 753 (10th Cir. 1976) (defendant not entitled to double credit for time spent in state custody when federal government's involvement had no effect on the time defendant spent in state custody); 18 U.S.C. § 3585(b) (defendant shall not be given credit for prior custody if that prior custody was credited against another sentence).

Mr. Williams also moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and/or Federal Rule of Criminal Procedure 35 based on certain 2001 amendments to the sentencing guidelines.  To the extent the motion is made pursuant to § 3582(c), the motion is denied because that statutory provision permits a sentence reduction only where the Sentencing Commission *subsequent to sentencing* lowers the guideline range applicable to a defendant's case.  *United States v. Mendoza*, 543 F.3d 1186, 1196 (10th Cir. 2008).  That section, then, has no application here and affords no relief to Mr. Williams.  To the extent the motion is made pursuant to Rule 35, the motion is also denied because Mr. Williams has not shown an arithmetical or technical error for purposes of Rule 35(a) and he has not provided post-sentencing substantial assistance for purposes of Rule 35(b).  This motion, then, is denied.

Finally, Mr. Williams has filed two motions relating to purported prosecutorial misconduct in which Mr. Williams contends that the government used false evidence, perjured

---

[1] The fact that a federal detainer was issued to Wyandotte County stating that there was a federal arrest warrant for Mr. Williams is not evidence that plaintiff was in federal custody for purposes of receiving credit on his federal sentence, particularly as there is no evidence that the federal detainer extended plaintiff's time in state custody.

testimony and personal opinions in connection with his revocation hearing and that the government improperly sought a continuance of the revocation hearing for the purpose of waiting until Mr. Williams had been sentenced in the state court case and then sought a consecutive sentence based, in Mr. Williams' view, on the same conduct for which he had already been sentenced in state court. This motion is denied. As noted by the government, Mr. Williams violated the conditions of his supervised release in multiple respects warranting a consecutive sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Williams' motion to vacate under 28 U.S.C. § 2255 (doc. 90) is **denied without prejudice** and the court **denies** a certificate of appealability; his motion for "time in custody" (doc. 91) is **denied**; his motion for sentence modification due to judicial vindictiveness (doc. 92) is **denied**; his motion to dismiss based on prosecutorial vindictiveness (doc. 93) is **denied**; and his motion "for order of abuse of discretion and prosecutorial misconduct" (doc. 94) is **denied.**

**IT IS SO ORDERED.**

Dated this 21st day of May, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge